**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALLEGRA HEMPHILL,

    Plaintiff,

      v.

JOHNSON & JOHNSON,

    Defendant.

**Civil Action No. 12-279 (CKK)**

**MEMORANDUM OPINION**
(January 29, 2013)

For more than a decade, Plaintiff Allegra Hemphill has filed suit in federal courts seeking to hold various companies liable for purportedly infringing United States Patent No. 4,557,720 (the "'720 Patent"). This case represents the Plaintiff's fifth complaint alleging infringement of the '720 patent, and the second against Defendants Johnson & Johnson. Presently before the Court is the Defendant's [7] Motion to Dismiss Complaint Under Rule 12(b)(6). The motion is fully briefed and ripe for adjudication. Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, the Court finds as a matter of law the Plaintiff cannot recover for any alleged infringement of the '720 patent by the Defendant. Accordingly, the Defendant's [7] Motion to Dismiss Complaint Under Rule 12(b)(6) is GRANTED and the Complaint is DISMISSED.

## I. BACKGROUND

For purposes of the Defendant's motion to dismiss, the Court presumes all well-pleaded factual allegations in the Complaint are true. *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 2064 (2010). The Plaintiff filed a patent

application for a "vaginal applicator" on June 11, 1984, claiming a priority date of October 18, 1982. Compl., Ex. 1 ('720 Patent) at 1. The United States Patent and Trademark Office issued the '720 Patent on December 10, 1985 with two independent claims describing a disposable vaginal swab, intended to be used for cleansing or treating the vaginal area. *Id.* at 1, 4-5. The USPTO confirmed the patentability of both claims following reexamination proceedings in 1999. Pl.'s Ex. 2 (1/26/1999 Reexamination Certificate) at 1-2.

The Plaintiff initially filed suit against Johnson & Johnson in United States District Court for the District of Maryland in 1999, alleging Johnson & Johnson's Stayfree, Carefree, and Serenity sanitary napkins and adult incontinence products infringed claim 2 of the '720 Patent. *Hemphill v. McNeil-PPC, Inc.*, 134 F. Supp. 2d 719, 723 (D Md. 2001) (*Hemphill I*). The Maryland District Court substituted McNeil-PPC as the proper defendant and granted summary judgment of noninfringement in favor of the defendant. *Id.* at 721, 727-29. The Federal Circuit affirmed the district court's claim construction and findings of non-infringement on appeal. *Hemphill v. McNeil-PPC, Inc.*, 25 F. App'x 915 (Fed. Cir. 2001). The Plaintiff subsequently filed three separate suits against Kimberly-Clark Corp. and Procter & Gamble Co. alleging infringement of the '720 patent, all of which resulted in judgments in favor of the defendants. *See Hemphill v. Kimberly Clark Corp.*, 605 F. Supp. 2d 183, 186-87 (D.D.C. 2009); *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 110 (D.D.C. 2008), *aff'd* 335 F. App'x 964 (Fed. Cir. 2008); *Hemphill v. Procter & Gamble Co.*, 258 F. Supp. 2d 410, 413 (D. Md. 2003), *aff'd* 85 F. App'x 765 (Fed. Cir. 2004).

The Plaintiff filed the present Complaint on February 21, 2012, alleging Johnson & Johnson's Stayfree and Carefree feminine care products directly infringe the '720 Patent, and that the Defendant induced infringement of the '720 Patent by a third party. *See generally*

Compl., ECF No. [1].  Johnson & Johnson now moves to the dismiss the Complaint as untimely and barred by *res judicata*.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may challenge the sufficiency of a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  Additionally, in deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by [the parties]."  *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted).

## III.  DISCUSSION

The Defendant argues the Complaint should be dismissed for two reasons: (1) Plaintiff's claims are precluded by the doctrine of *res judicata*; and (2) Plaintiff's claims are untimely.  The Court finds that the Plaintiff's claims of direct and indirect infringement were not timely asserted.  Therefore, the Court does not reach the Defendant's *res judicata* argument.

Several sections of Title 35 of the United States Code in combination govern the

availability of a remedy for Plaintiff's claim of infringement.   Section 271, on which Plaintiff

bases her claim of infringement, provides in relevant part:

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
>
> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

35 U.S.C. § 271.   As the text of section 271 indicates, a defendant is only liable for any

infringing activity that took place "during the term of the patent."

Section 154(c)(1) defines the term of the '720 Patent as the later of (1) seventeen years

from the date the patent issued; or (2) twenty years from the earliest filing date of an application

on which the patent's priority date is based.   In other words, the term of the '720 patent is the

later of (1) seventeen years from December 10, 1985—December 10, 2002; or (2) twenty years

from October 18, 1982—October 18, 2002.

The Plaintiff implies in her Opposition that the reexamination certificate issued by the

United States Patent and Trademark Office on January 26, 1999, somehow altered the term of

'720 Patent.   To the contrary, reexamination certificates do not alter the term of a patent, even if

a new claim is added or an original claim is amended during reexamination.   *See* 35 U.S.C.

§ 307(b) (incorporating by reference 35 U.S.C. § 252).   The reexamination certificate simply

confirmed that the claims were patentable when the '720 patent issued in December 1985.

Compl., Ex. 2 at 2 ("As a result of reexamination, it has been determined that: The patentability

of claims 1 and 2 is *confirmed*.") (emphasis added).   Regardless of reexamination, the '720

patent expired on December 10, 2002, and Johnson & Johnson is not liable for any infringement

(direct or induced) of the claims of the patent that might have occurred after that date.

The final statutory provision relevant to the Defendant's motion is section 286, which states that "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint."   35 U.S.C. § 286.   For purposes of the present Complaint, the Plaintiff cannot recover for any infringement committed before February 21, 2006—over three years after the expiration of the '720 Patent.   In combination, sections 271 and 286 bar the Plaintiff from recovering for any alleged infringement of the '720 patent by Johnson & Johnson. As a matter of law, the Plaintiff cannot recover for any infringing activity that took place during the term of the '720 patent, therefore the Complaint must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds the Plaintiff's claims are untimely.   The '720 patent expired on December 10, 2002.   The Plaintiff can only recover for infringing conduct that took place (1) before the patent expired; and (2) within six years of the date the complaint was filed.   The Plaintiff filed her Complaint on February 10, 2012.   Because the patent expired more than six years prior to the filing of the Complaint, as a matter of law, the Plaintiff cannot recover for any purportedly infringing conduct.   Accordingly, the Defendant's [7] Motion to Dismiss Complaint Under Rule 12(b)(6) is GRANTED

An appropriate Order accompanies this Memorandum Opinion.


_____*/s/*_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE